Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Lily E. Hough (SBN 315277)
lhough@edelson.com
EDELSON PC
123 Townsend Street,
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN BURZDAK, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>   v.<br><br>UNIVERSAL SCREEN ARTS, INC., an Ohio Corporation,<br><br>   *Defendant*. | Case No. 3:21-cv-02148-EMC<br><br>Hon. Edward M. Chen<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   August 12, 2021<br>Time:   1:30 p.m.<br>Room:  Courtroom 5, 17th Floor<br>            450 Golden Gate Avenue<br>            San Francisco, California 94102 |

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, the Standing Order for all Judges of the Northern District of California, and the Court's Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement (Dkt. 23), Plaintiff Karen Burzdak ("Plaintiff") and Defendant Universal Screen Arts, Inc. ("Defendant") hereby jointly submit this Initial Joint Case Management Conference Statement and Fed. R. Civ. P. 26(f) Report.

## I.   JURISDICTION AND SERVICE

**A.   Plaintiff's Statement:** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the class is a citizen of a different state than any Defendant, (ii) the amount in controversy exceeds, $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to this action. No issues exist with respect to personal jurisdiction or venue, and Defendant has been served.

**B.   Defendant's Statement:** Plaintiff's case and every cause of action alleged in it should be compelled to arbitration for the reasons argued in Defendant's pending motion to compel arbitration. Although Defendant does not anticipate challenging jurisdiction or service at this time, Defendant reserves the right to move to dismiss on all available grounds. Defendant's investigation is continuing.

## II.   FACTS

**A.   Plaintiff's Statement:** Plaintiff alleges that Defendant, an e-commerce company, used unfair and deceptive sales practices by baiting consumers with "free offers" that snuck in negative-option enrollment terms in violation of California law. (Dkt. 1 ¶¶ 27-30.) Specifically, Plaintiff alleges that Defendant baited her and other putative class members who made an online purchase on one of Defendant's websites by presenting them with an offer for free shipping, which appeared on a pop-up screen at the conclusion of their online order and prompted them to enter their email address to claim free shipping on their order. (*Id.* ¶ 16.) The pop-up window urged Plaintiff and putative class members to "Claim Your **Free Shipping** Refund Now!" and instructed them to provide their email address and click "**SUBMIT**" to do so. (*Id.* ¶¶ 8-9.) Plaintiff alleges that by doing so, she and putative class members were unknowingly enrolled in Defendant's VIP Insider Program, the terms of which were intentionally buried in the fine print of the free shipping pop-up

1  window, resulting in automatic charges to members' debit or credit cards $14.95 every month until
2  the member cancels. (*Id.*. ¶¶ 27-30.)

3        Based on these allegations (and upon learning of her unwanted enrollment in Defendant's
4  VIP Insider Program after three months of charges), Plaintiff filed suit under California's Unfair
5  Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, alleging that Defendant violated the
6  California Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq.*, among other unfair
7  and deceptive practices related to its VIP Insider Program enrollment scheme. Specifically, Plaintiff
8  alleges that Defendant violated the Automatic Renewal Law by hiding the VIP Insider Terms in the
9  fine print of a free shipping pop-up offer (i.e., in smaller type than the surrounding text advertising
10 the free shipping offer, and in discreet font intentionally designed not to call attention to itself)
11 which violates the law's clear and conspicuous disclosure requirements. (*Id.* ¶ 20.)  Plaintiff further
12 alleges that Defendant failed to obtain her affirmative consent to charge for membership in the VIP
13 Insider Program because she did not have a reasonable expectation that entering her email address
14 to claim her free shipping pop-up offer would result in a reoccurring charge on their credit or debit
15 card statement. (*Id.* ¶ 18.) She also alleges that Defendant made it intentionally difficult for her to
16 cancel her VIP Insider membership by requiring her to call a toll-free number or create a new
17 account on a different website to request her cancellation. (*Id.* ¶¶ 21-22.)

18     **B.**    **Defendant's Statement:**  Defendant expressly denies Plaintiff's allegations and
19 denies that it has engaged in any wrongdoing. Plaintiff's entire case is predicated on an alleged
20 violation of California's Automatic Renewal Law (ARL), California Business and Professions
21 Code, section 17600 *et seq.* Defendant complied with every applicable provision of these statutes.
22 The VIP Insider by Bas Bleu is a membership program that extends shipping rebates, cash back,
23 and other benefits to members in exchange for a monthly fee. Plaintiff Karen Burzdak, a repeat Bas
24 Bleu customer, voluntarily enrolled in VIP Insider after she made a Bas Bleu purchase. Bas Bleu
25 made all required disclosures to Plaintiff, including the amount of the monthly charge, the fact that
26 the membership would automatically renew, and Bas Bleu's cancellation policy. In response,
27 Plaintiff voluntarily elected to enroll in the program. She affirmatively entered her email address
28 and clicked a "Submit" button in response to a prompt that clearly informed her that by clicking the

Submit button, she was agreeing to the automatic renewal offer terms. Following Plaintiff's enrollment, Defendant immediately presented her with a confirmation screen that confirmed the terms of her enrollment and provided cancellation instructions. Defendant also sent Plaintiff an email that included the automatic renewal offer terms. The ARL requires nothing more.

More importantly, the merits of this case are not properly before this Court. As detailed in Defendant's pending motion to compel arbitration, Plaintiff affirmatively agreed to Defendant's Terms of Use, including a valid and binding arbitration clause. This case should be compelled to arbitration without any decision on the merits.

### III. LEGAL ISSUES

**A.** **Plaintiff's Statement**: The legal issues in this case include, but are not limited to: (i) whether Defendant presented all of the terms required under Cal. Bus. & Prof. Code § 17601 in a "clear and conspicuous manner"; (ii) whether those terms were "in visual proximity…to the request for consent"; (iii) whether Defendant obtained consumers' affirmative consent before charging payment in connection with an automatic renewal; (iv) whether Defendant's cancellation policy complied with Cal. Bus. & Prof. Code § 17602(b) and/or § 17602(c); (v) whether Defendant committed unfair and/or fraudulent business practices in connection with the VIP Insider Program; and (vi) whether Defendant's hyperlinked "Terms" presented in the free shipping pop-up window are sufficient to form a valid contract.

**B.** **Defendant's Statement**: The only legal issue currently and properly before the Court is whether Plaintiff's case and every cause of action in it should be compelled to arbitration.

### IV. MOTIONS

On June 21, 2021, Defendant filed a motion to compel arbitration and to dismiss and/or stay the case. (Dkt. 20.) Defendant's motion has been fully briefed and a hearing on the motion is scheduled to take place on August 12, 2021 at 1:30 p.m.

Plaintiff anticipates filing the following motions: (i) Plaintiff's motion for class certification; (ii) motions for summary judgment; and (iii) discovery-related motions, if necessary.

Should the case not be compelled to arbitration, Defendant currently anticipates filing the following motions: (i) motion to dismiss; (ii) motion for summary judgment; and (iii) discovery-related motions, if necessary.

## V. AMENDMENT OF PLEADINGS

**A.  Plaintiff's Statement:** Plaintiff's investigation into this matter—and other information obtained through discovery—may necessitate amendments in the future. Therefore, Plaintiff proposes that amended pleadings (if any) be filed in accordance with the proposed schedule of discovery and general case deadlines set forth in Section XVII below.

**B.  Defendant's Statement:**  The complaint includes screen shots of only one method a consumer can follow to enroll in VIP Insider.  As detailed in Defendant's motion to compel arbitration, that is not the enrollment flow that Plaintiff followed to enroll.  An amendment may be necessary to correct this error.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (the "ESI Guidelines"). The parties have additionally conferred with their respective counsel about the need to preserve evidence that may be relevant to Plaintiff's claims or Defendant's defenses, including the preservation of electronically stored information. The parties anticipate submitting a stipulated ESI Protocol as well as a proposed protective order to the Court.

## VII. DISCLOSURES

The parties have agreed to exchange their respective Rule 26(a)(1) disclosures by September 16, 2021, unless Defendant's motion to compel arbitration is granted.

## VIII. DISCOVERY

**A.  Scope of Discovery:** No discovery has been issued to date.

**1.  Plaintiff's Statement:** Plaintiff anticipates propounding discovery on the following non-exhaustive list of topics: documents and ESI regarding how individuals access, sign up for, and use the "free shipping offer" containing Defendant's autorenewal terms; disclosures made to individuals accessing, enrolling, or using a VIP Insider membership; discovery regarding VIP Insider services and the use of those services by VIP Insider members; data shared with any first or

Parties' Joint Case Management Stmt.  
Case No. 3:21-cv-02148-EMC

4

1  third-party applications in connection with the use of VIP Insider services; and discovery regarding the size and makeup of the putative class.

2. **Defendant's Statement:** Should this case not be compelled to arbitration, Defendant anticipates propounding written discovery to Plaintiff, including discovery regarding the electronic device(s) Plaintiff and putative class members used to enroll in the VIP Insider program. Defendant also anticipates deposing Plaintiff and other witnesses identified during written discovery.

**B.     Proposed Modifications of the Discovery Rules:**

1. **Plaintiff's Statement:** Plaintiff believes that discovery should proceed immediately, and at the very least, as soon as a decision is reached on Defendant's motion to compel arbitration. The possibility that an adverse ruling on a motion to dismiss could obviate the need for discovery is not unique to this case, and postponing discovery on that basis is not the normal course. Further, discovery in this case (particularly in its early stages) will not be so complex as to impose an unusual burden on Defendant. In an effort to compromise, Plaintiff has agreed to push out her originally proposed discovery timeline by one month and has agreed informally not to issue discovery for the next month, given that the Court is still considering Defendant's motion to compel arbitration. That said, Plaintiff disagrees that there is anything unique about this case which would warrant straying from the normal discovery path. Far from it, this case presents the real risk that Defendant is continuing to engage in allegedly illegal conduct and causing injury to consumers, and thus discovery should not be stayed indefinitely until after a ruling on a motion to dismiss.

Bifurcation is also not the usual approach, and if applied to this case, will result in inefficiencies for both the parties and the Court.

First, bifurcating discovery into separate class and merits phases will be duplicative and inefficient. Plaintiff's claim arises under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, (the "UCL") and as such, requires Plaintiff to demonstrate that Defendant's conduct was unlawful, unfair, and/or fraudulent. The information needed to establish each of those prongs—such as the process by which Plaintiff accessed, signed up for, and used Defendant's "free shipping offer"; the value of the VIP Insider services and the extent to which consumers used them more generally; the disclosures containing Defendant's autorenewal terms; and the process by which

1  Plaintiff could cancel her autorenewal—will overlap substantially with the information needed to
2  litigate class certification and to prove the class's claims. With efficiency as the central consideration,
3  it makes better sense for all discovery (including class and merits) to proceed simultaneously. While
4  courts have discretion to bifurcate class and merits discovery, they don't "routinely" do so. The only
5  case that Defendant cites in which the Court ordered bifurcating discovery on these specific claims is
6  *Johnson v. Pluralsight, LLC*, 2019 WL 2184954, at *5 (E.D. Cal. May 21, 2019), but the Court only
7  ordered bifurcation in that case because the parties had originally agreed to it, and the plaintiff failed
8  to show good cause to amend the original scheduling order. Moreover, in *In re Carrier IQ, Inc.*
9  *Consumer Priv. Litig.*, No. C-12-MD-2330 EMC, 2014 WL 2922726, at *1 (N.D. Cal. June 13, 2014),
10 this Court did not order bifurcated discovery as a routine matter but merely stated its intention to
11 phase proceedings while defendants appealed an order on their motion to compel arbitration. Plaintiff
12 would be willing to consider a phased approach to discovery while the parties await a decision on
13 Defendant's motion to compel arbitration. However, there is no reason to bifurcate discovery in this
14 case beyond that.

15       Second, bifurcation will hamper Rule 23's requirement that class certification be decided at
16 "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Indeed, under Defendant's proposed
17 approach, a motion for class certification would likely not be ready for hearing for well over a year.
18 Defendant's segmented approach to discovery will also not accomplish much by way of a prompt,
19 efficient resolution of this litigation. For example, if discovery were bifurcated, another putative class
20 member may still be permitted to file an amended complaint to cure any identified defect and
21 substitute the named plaintiff. *See, e.g. Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106,
22 2016 WL 207677, at *3 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate discovery in class
23 action, noting that "even if the named Plaintiff's claim were defeated, there is no reason to think that
24 this case would likely end."). On the other hand, if there were no bifurcation and full discovery were
25 completed, Defendant would be able to establish that no other potential plaintiffs existed.

26       Finally, Defendant's phased discovery approach presents the real possibility of creating
27 additional disputes between the parties, e.g., with respect to what information relates to class issues
28 versus merits issues. Such disputes will further delay the proceedings and perhaps require the Court's

intervention where it would not otherwise be needed. *See, e.g., Hines v. Overstock.com, Inc.*, No. 09–CV–991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes.").

**2.    Defendant's Statement:** Plaintiff's claims should be compelled to individual arbitration. If the court denies Defendant's motion to compel arbitration, Defendant anticipates moving to dismiss the complaint in its entirety, and thus requests that discovery be stayed until the pleadings are set. Plaintiff has agreed not to serve discovery for at least the next thirty days.

If the case does not proceed to arbitration, Defendant requests that the Court bifurcate discovery into two phases: one focused on the merits of Plaintiff's individual claims, followed by class discovery only if the case survives an early dipositive motion on the merits. Defendant believes that phased discovery is necessary and appropriate for the sake of judicial and party economy, and requests that the Court focus on resolution of the merits issues, such as whether (1) the disclosures presented to Plaintiff were clear and conspicuous as a matter of law, (2) Plaintiff consented to enroll in the VIP program, and (3) Defendant provided Plaintiff with the required post-enrollment acknowledgments. Defendant believes that phasing discovery in this manner will be efficient and cost-effective, could result in an early dismissal of this case, and may obviate the need for more costly and time consuming class discovery and motion practice.

The court has the inherent authority to manage this case in the most efficient manner possible, including to hear an early dispositive motion and to bifurcate discovery. Courts routinely bifurcate discovery to avoid potentially unnecessary discovery, including in automatic renewal law cases. *See, e.g.*, *Johnson v. Pluralsight, LLC*, 2019 WL 2184954, at *5 (E.D. Cal. May 21, 2019) (amending scheduling order to bifurcate discovery into pre- and post-certification phases to avoid conducting discovery that may ultimately be unnecessary in automatic renewal law case); *see also In re Carrier IQ, Inc. Consumer Priv. Litig.*, No. C-12-MD-2330 EMC, 2014 WL 2922726, at *1 (N.D. Cal. June 13, 2014) (Chen, J.) (phasing discovery "so as to minimize any burden on Defendants litigating in this forum as opposed to arbitration"); *Herrick v. GoDaddy.com LLC*, 312 F. Supp. 3d 792, 794 (D. Ariz. 2018) (granting Defendant's summary judgment motion following

1  limited phased discovery on the merits); *Nicholson v. REI Energy, LLC*, 370 F. Supp. 3d 1199 (D.
2  Or. 2019) (discussing how the court granted defendant's motion to bifurcate discovery to pursue
3  limited discovery regarding the merits prior to pursuing class certification).

4        Plaintiff's concerns regarding deciding certification at "an early practicable time" are
5  misplaced.  First, Ms. Burzdak agreed to arbitrate her claims relating to the VIP Insider membership
6  program *on an individual basis*.  Second, an early dispositive motion on the disclosures at issue is
7  the most efficient way to resolve the case.  If that motion fails, the case can proceed efficiently to
8  the certification stage.  Third, Rule 23 does not place a one-year time limit on certification as
9  Plaintiff suggests.  Defendant's proposal is efficient, practicable, and comports with Rule 23.

10        Plaintiff also alludes to additional plaintiffs who "can cure any identified defect."  If
11  Plaintiff has additional consumers to add to the case, she should do so now.  Waiting to amend the
12  complaint and join named plaintiffs waiting in the wings is inefficient.

13        Finally, Plaintiff contends that phased discovery is duplicative and inefficient because class
14  and merits discovery may overlap.  Counsel on both sides are experienced class action attorneys
15  who can navigate these disputes.  And the line between merits discovery on Plaintiff's individual
16  claims and broad class discovery is not difficult to draw.

17        In sum, Defendant's approach provides for the most efficient and low-cost resolution.
18  Plaintiff's approach would guarantee a prolonged certification stage, saving straightforward merits
19  determinations for later.

**C.   Form of Electronic Discovery, Confidential Information, and Claims of Privilege:**

The parties have agreed to prepare an appropriate stipulation (or stipulations), subject to the Court's approval, governing (i) discovery of ESI, (ii) protection of confidential and proprietary information, and (iii) procedures for handling inadvertent production of privileged information and other privilege waiver issues.

**IX.   CLASS ACTIONS**

**A.   Plaintiff's Statement:** Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class of similarly situated individuals defined as follows:

> **Class:** All persons in the State of California who were charged for a VIP Insider membership.

The proposed class satisfies the requisites to class certification under Fed. R. Civ. P. 23. In particular, the class likely consists of thousands of individuals, making joinder of all members impracticable (numerosity). There are many questions of law and fact common to Plaintiff's claims and those of the other class members, which predominate over any questions that may affect only individual class members (commonality and predominance). That is, Plaintiff and the class member's UCL claims will succeed or fail based on the same disclosures made to consumers. Further, Plaintiff's claims are typical of the claims of all of the other class members, inasmuch as Defendant's uniform wrongful conduct identically violated the UCL and caused the same harm to Plaintiff and other class members in the form of unwanted charges for VIP Insider membership (typicality). Finally, Plaintiff will fairly and adequately represent and protect the interests of the other class members, and has retained counsel competent and experienced in complex class actions (adequacy of representation).

Similarly, class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. That is, the damages suffered by individual class members will be relatively small compared to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties, as well as the likelihood of inconsistent obligations. Moreover, Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final relief with respect to the class as a whole.

**B.   Defendant's Statement:** Plaintiff, and other members of the putative class, agreed to resolve their disputes concerning the VIP Insider membership program through individual arbitration. Class treatment is improper.

Defendant also disagrees with Plaintiff's statement on class certification and does not believe that class certification is appropriate in this case. If the Court denies the motion to compel to individual arbitration, Defendant will vigorously oppose Plaintiff's motion for class certification.

**X.   RELATED CASES**

The parties are unaware of any related cases.

**XI.   RELIEF SOUGHT**

**A.   Plaintiff's Statement:** Plaintiff's operative complaint seeks an Order: (i) certifying this case as a class action on behalf of the class defined in Section IX, *supra*, appointing Plaintiff as representative of the class and his counsel as Class Counsel; (ii) declaring that Defendant's actions, as described herein, violate the ARL and UCL; (iii) awarding injunctive relief requiring Defendant to cease all unlawful activities and enjoining Defendant from charging unauthorized and automatically renewing amounts to consumers' credit and debit cards; (iv) awarding Plaintiff and the class members actual damages; (v) awarding Plaintiff and the class members their reasonable litigation expenses and attorneys' fees pursuant to Cal. Civ. Code § 1021.5; (vi) awarding Plaintiff and the class members pre- and post-judgment interest; and, (vii) awarding such other and further relief as equity and justice may require.

**B.   Defendant's Statement:**  This case should be compelled to arbitration.  Defendant denies that Plaintiff and the putative class have incurred any damages or that they are entitled to any of the relief they seek. Defendant has not violated any law, including, but not limited to California's Automatic Renewal Law and California's Unfair Competition Law.

**XII.   SETTLEMENT AND ADR**

Pursuant to Local Rule 16-8(c) and ADR Local Rule 3-5(b), the parties met and conferred and have agreed to hold an ADR session with a private mediator, whom they agree to cooperate to select at the appropriate time. In the event this case is not compelled to individual arbitration, the parties stipulate to hold the ADR session on a mutually workable date between the date of the Court's ruling on Defendant's motion to dismiss (or, if Defendant does not move to dismiss the complaint, the date of Defendant's answer to the complaint) and the deadline for Plaintiff to file her motion for class certification.

## XIII. CONSENT TO MAGISTRATE JUDGE

At this time, the parties do not consent to proceed before a magistrate judge for all purposes.

## XIV. OTHER REFERENCES

**A.** **Plaintiff's Statement:** At this time, Plaintiff does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**B.** **Defendant's Statement**: Plaintiff's claims should be compelled to individual arbitration.

## XV. NARROWING OF ISSUES

The parties are not aware of any issues that can be narrowed by agreement or by motion.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case should be handled via the Court's Expedited Trial Procedure.

## XVII. SCHEDULING

The parties believe that it is premature to set discovery deadlines or a trial schedule at this time. Instead, the parties propose that a further scheduling conference be held to set pre-class certification discovery deadlines after the Court has ruled on Defendant's pending motion to compel arbitration and anticipated motion to dismiss (should arbitration not be compelled), and an additional scheduling conference to set remaining pre-trial deadlines be held after the Court has ruled on Plaintiff's class certification motion.

If the Court is inclined to enter a case schedule at this time, Plaintiff and Defendant propose the following:

**A.** **Plaintiff's Proposed Schedule**

| EVENT | DEADLINE |
|---|---|
| Exchange of Initial Disclosures | September 16, 2021 |
| Deadline for Defendant to respond to the complaint | Two (2) weeks following ruling on Defendant's motion to compel arbitration. |
| Deadline for Defendant to file answer (if Defendant first moves to dismiss the complaint) | If Defendant moves to dismiss the complaint and its motion is either denied in its entirety or denied in part *without giving Plaintiff leave to* |

| Event | Deadline |
|---|---|
| | *amend*, Defendant shall file its answer no later than 30 days after the decision on its motion to dismiss.<br><br>If Defendant's motion to dismiss is either granted in part or granted in its entirety *with leave to amend*, Defendant shall file its answer or renewed motion to dismiss 30 days after amendment of the complaint. If the motion to dismiss is granted in part and no amendment is filed, Defendant shall file its answer 30 days after the deadline to file an amendment passes. If Defendant files a renewed motion to dismiss after amendment of the complaint, the deadline to answer will be continued until set by further order of the Court. |
| Deadline to file motions to join parties or amend pleadings | Sixteen (16) weeks after Defendant's deadline to file answer ("Answer Date") |
| Deadline for Plaintiff to serve expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) relating to class certification | Twenty-four (24) weeks after Answer Date |
| Deadline for Defendant to serve disclosures of rebuttal expert witnesses and reports relating to class certification | Twenty-eight (28) weeks after Answer Date |
| Deadline for Plaintiff to file motion for class certification and all supporting materials | Thirty-two (32) weeks after Answer Date |
| Deadline for Defendant to file opposition to class certification and all supporting materials | Six (6) weeks after Plaintiff's deadline to file motion for class certification. |
| Deadline for Plaintiff to file reply in support of motion for class certification | Three (3) weeks after Defendant's deadline to file opposition to Plaintiff's motion for class certification. |
| Commencement of post-Class Certification Non-Expert Discovery Period | Upon ruling on class certification |
| Deadline to Complete post-Class Certification Non-Expert Discovery | Twelve (12) weeks following ruling on class certification |
| Deadline for Plaintiff's expert reports related to merits issues | Twelve (12) weeks following ruling on class certification |
| Deadline for Defendant to disclose rebuttal expert witnesses related to merits issues | Sixteen (16) weeks following ruling on class certification |
| Deadline for parties to depose merits experts | Eighteen (18) weeks following ruling on class certification |
| Deadline to file dispositive pretrial motions | Twenty (20) weeks following ruling on class certification |

| EVENT | DEADLINE |
|---|---|
| Deadline to file oppositions to dispositive pretrial motions | Four (4) weeks following deadline for filing dispositive pretrial motions |
| Deadline to file reply briefs in support of dispositive pretrial motions | Three (3) weeks following deadline for filing oppositions to dispositive pretrial motions |
| Pretrial conference | Eight (8) weeks following hearing on dispositive motions |
| Motion in limine hearing date | Two (2) weeks following pretrial conference |
| Trial to begin | Four (4) weeks following pretrial conference |

### B. Defendant's Proposed Schedule

In the event that the Court denies Defendant's motion to compel arbitration, Defendant requests thirty days—rather than the two weeks Plaintiff proposes—to prepare its motion to dismiss or responsive pleading. Once the pleadings are set, the parties should further meet and confer on a discovery, class certification and trial schedule. As discussed above, Defendant further requests that discovery be bifurcated to address merits issues first, and class discovery only if the case survives a dispositive motion on the merits.

## XVIII. TRIAL

Plaintiff has requested a trial by jury of all matters that can be so tried. The expected length of trial will depend on the resolution of any motion for class certification and/or dispositive motions, and is therefore unknown at this time.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**A.     Plaintiff's Statement:** Plaintiff does not know of any interests other than those of the named parties to the action and their attorneys.

**B.     Defendant's Statement:** Defendant has filed its Corporate Disclosure Statement and Notice of Interested Entities or Persons.

## XX. PROFESSIONAL CONDUCT

Counsel have reviewed the applicable Guidelines for Professional Conduct.

## XXI. OTHER MATTERS

The parties are unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

                      Respectfully submitted,

**KAREN BURZDAK**, individually and on behalf of all others similarly situated,

Dated: August 6, 2021        By: /s/ Lily E. Hough
                                                       Lily E. Hough (315277)

**UNIVERSAL SCREEN ARTS, INC.**

Dated: August 6, 2021        By: /s/ Kristin E. Haule
                                                       Kristin E. Haule (312139)

**FILER'S ATTESTATION**

I, Lily E. Hough, am the ECF user whose identification and password are being used to file this Initial Joint Case Management Statement and Fed. R. Civ. P. 26(f) Report. I hereby attest that all signatories listed on the preceding page concur in this filing.

Dated: August 6, 2021                                             /s/ Lily E. Hough