UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BURZDAK,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL SCREEN ARTS, INC.,<br><br>    Defendant. | Case No. 21-cv-02148-EMC<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Docket No. 86 |

## I. DISCUSSION

Defendant seeks to seal the total amount of renewal fees charged to Class Members as defined in the original Settlement Agreement and the percent of this amount that Plaintiffs would have received in settlement had the original Settlement Agreement gone forward. *See* Docket Nos. 86 (Pl.'s Admin. Mot. to Consider Whether Another Party's Materials Should Be Sealed ("Sealing Mot.")), 88 (Def.'s Resp. ("Resp.")). Because the parties have filed an Amended Settlement Agreement, these figures are no longer relevant to this matter. *Compare* Docket No. 83 (listing original figures) at 1, 14, 17, *with* Docket No. 100 at 2 (listing the new figures).

Defendant claims that these figures are "confidential and highly sensitive information regarding Universal's revenue from VIP memberships, the disclosure of which could cause Universal competitive harm." Resp. at 3. Defendant argues that competitors could use the figures to learn about their margins and commercial strategies, or to determine whether to adopt similar features in their products. *Id.* at 3-4. Plaintiff opposes, arguing that the figures are tied to the merits of the case, and that the public and Class Members have strong interests in the figures. Sealing Mot. at 1-3. However, because the figures have now been updated in the Amended

Settlement Agreement, Plaintiff's points are moot, and the figures are no longer relevant to the litigation nor do Class Members have any interest in them. Thus, "although the [figures] in question are attached to a dispositive motion, they ha[ve] no bearing on the resolution of the dispute on the merits and are therefore more akin to . . . 'unrelated,' non-dispositive motion documents." *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010). For information within a non-dispositive motion, a party must make "a particularized showing of 'good cause' to keep the documents under seal." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006). Defendant has made such a particularized showing of good cause to keep the figures under seal. Therefore, the Court **GRANTS** the motion to seal.

This order disposes of Docket No. 86.

**IT IS SO ORDERED**.

Dated: September 1, 2023

_____
EDWARD M. CHEN
United States District Judge

2