UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BURZDAK,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNIVERSAL SCREEN ARTS, INC.,<br><br>　　　　　Defendants. | Case No.  21-cv-02148-EMC   (EMC)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEY'S FEES AND COSTS AND SERVICE AWARD**<br><br>Docket Nos. 110, 114 |

　　　　Before this Court is Plaintiffs' Motion for Final Approval of Class Action Settlement, Docket No. 114, and Plaintiffs' Motion for Attorney's Fees and Costs and Service Award, Docket No. 110.  For the reasons set forth below and during the final fairness and motion hearing on December 20, 2023, the Court hereby **GRANTS** both motions.

　　　　The Court, in its July 27, 2023, order granting preliminary approval of the class action settlement determined, that in consideration of Ninth Circuit precedent and factors enumerated in Rule 23, that the proposed settlement is fair, reasonable, and adequate.  Docket No. 106 at 1-2.  Since that time, class members have been given an opportunity to object or exclude themselves from the class and notice has been effectuated.  Both class reaction and notice support approval.  Specifically, no objections have been received, and only one member requested to be excluded from the class.  *See, e.g.*, *Van Ba Ma v. Covidien Holding, Inc.*, 2014 WL 2472316, at *4 (C.D. Cal. May 30, 2014) (if only a small number of objections are received this is indicative of adequacy of the settlement).  As to notice, the notice issued to the class complies with the procedures ordered by the Court.  *Compare* Docket No. 106 at 4-7 *with* Docket No. 115, Declaration of Jacob Kamenir of Simpluris, Inc. in Support of Final Approval of Settlement

("Kamenir Decl.") ¶¶ 5-6, 15-17.  The attempts to effectuate notice were successful.  *See* Kamenir Decl. ¶¶ 5-6, 15-17.  Specifically, emails of the notice were sent without bounce backs to 27,414 emails (27,730 emails less 316 bounce back emails) and notice was sent by postal mail successfully to 5,003 members (5,043 members with 158 returned as undeliverable, but 118 were cured on the second try) equating to notice delivered without a bounce back or undeliverable response to 32,417 of 32,504 class members or 99.7% of the class.  *See id.*  Accordingly, the Court finds that the settlement is fair, adequate, and reasonable and notice comports with due process.

Additionally, the request for fees, costs, and service award is appropriate in this case.  Plaintiffs request the benchmark 25% award of the common fund.  This award is appropriate given, among other reasons, the high recovery in this action (approximately 38% of the recovery of potential damages that could have been awarded at trial).  *Cf Kissel v. Code 42 Software, Inc.*, No. 15-cv-01936-JLSKES, 2018 WL 6113078 (C.D. Cal. Feb. 20, 2018) (approving settlement of 6% recovery in renewal fee case).  Additionally, the lodestar multiplier is negative here (0.73).  As such, the fees requested are appropriate.  *In re Omnivision Technologies, Inc.*, 559 F.Supp.2d 1036, 1048 (N.D. Cal. 2008) (noting that courts approve multipliers ranging between 1 and 4).  The costs, largely comprised of a mediation fee, is likewise appropriate for recovery.  *See, e.g.*, *Grant v. T-Mobile USA*, Inc., 2023 WL 7308311, at *9 (C.D. Cal. Oct. 3, 2023) (awarding costs for reimbursement of filing fees, mediation fees, expert costs, and service charges).  The service award fee of $5,000, constituting 0.003% of the settlement fund, is also appropriately awarded.  *See Juarez v. Social Fin., Inc.*, 2023 WL 3898988, at *8 (N.D. Cal. June 8, 2023) (finding awards up to $5,000 presumptively reasonable); *see also In re Online DVD-Rental*, 779 F.3d at 948 (approving service awards amounting to "a mere 0.17% of the total settlement fund").

**IT IS SO ORDERED**.

Dated: January 3, 2024

_____
EDWARD M. CHEN
United States District Judge