United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BURZDAK,<br>    Plaintiffs,<br>v.<br>UNIVERSAL SCREEN ARTS, INC.,<br>    Defendants. | Case No. 21-cv-02148-EMC<br><br>**ORDER APPOINTING CY PRES**<br><br>Docket No. 127 |

The Court appoints the Consumer Federation of California (CFC) as the *cy pres* recipient in the present case. Plaintiff filed a supplemental post-distribution accounting statement, noting that following a re-distribution of uncashed settlement funds, "as of December 13, 2024, a total of 2,519 checks in the sum of $43,703.18 remain uncashed." Docket No. 127 at 1-2; Brunner Decl. ¶ 13. Plaintiff states "it is not administratively feasible to redistribute the balance, so the Parties believe it is appropriate to award the balance to a *cy pres* recipient. *See* Docket No. 99-1 ¶ 2.1(f) ("If redistribution is not feasible, such funds shall be distributed to a *cy pres* recipient approved by the Court.")." Docket No. 127 at 2.

The Ninth Circuit requires the Court to consider whether the *cy pres* "bears a substantial nexus to the interests of the class members." *Lane v. Facebook, Inc*., 696 F.3d 811, 821 (9th Cir. 2012). The Northern District of California's Procedural Guidelines for Class Action Settlements also require the parties to explain how a recipient is "related to the subject matter of the lawsuit and the class members' claims," and requires parties to "identify any relationship they or their counsel have with the proposed *cy pres* recipients." Procedural Guidelines, Preliminary Approval § 8.

CFC is a nonprofit advocacy organization that was founded in 1960 and campaigns for

1  state and federal laws that place consumer protection ahead of corporate profit, including
2  testifying before the California legislature on dozens of bills each year that affect millions of
3  California consumers and appearing before state agencies in support of consumer regulations.
4  Herrell Decl. ¶ 2. Relevant to this case, a significant focus of CFC's activities has been protecting
5  consumers by ensuring protections from automatically renewing membership fees. *Id*. ¶ 3. CFC
6  has been appointed as a *cy pres* recipient in numerous consumer protection class actions and will
7  use any awarded money to help advance the rights of California consumers to be free from
8  unwanted subscriptions and recurring fees. *Id*. ¶¶ 4-5.

CFC's focus is on California consumers, and the proposed Class was limited to California consumers. Docket 127 at 3. Awarding CFC the *cy pres* funds is likely to advance the interests of absent class members by supporting robust protections against automatically renewing fees. Further, the parties and their counsel have no relationship with the proposed *cy pres* recipient.

Defendant has no objection.

Accordingly, CFC is appointed as *cy pres*, and distribution of the remaining balance of the Settlement Fund is to occur within 30 days of this Order.

**IT IS SO ORDERED**.

Dated: January 8, 2025

_____
EDWARD M. CHEN
United States District Judge